## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) ) | |
| ERGONOMIC SECURITY CORPORATION; JASMINE BROWN SMITH, Personal Representative of ERIC S. SMITH, Deceased; ANN J. HERRERA, Administrator of the Estate of ERIC S. SMITH, Deceased; MILLENNIA HOUSING MANAGEMENT, LLC; MILLENNIA HOUSING MANAGEMENT, LTD.; GMF-FOREST COVE, LLC; and JORDAN WEATHERBY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: _____ |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Allied World Surplus Lines Insurance Company

("Allied World") and files this its Complaint for Declaratory Judgment against

Defendants Ergonomic Security Corporation ("Ergonomic"), Jasmine Brown

Smith, Personal Representative of Eric S. Smith, Deceased; Ann J. Herrera,

Administrator of the Estate of Eric S. Smith, Deceased; Millennia Housing

Management, LLC, Millennia Housing Management, LTD, and Jordan Weatherby ("Defendants"), as follows:

## **INTRODUCTION**

This is an insurance coverage case.  In it, Allied World seeks a declaration that Commercial General Liability Policy Number 5200-1504-02 for policy year August 30, 2017 to August 30, 2018 (the "Policy") issued to Ergonomic be rescinded so that it is void *ab initio*.  Thus, Allied World has no defense or indemnity obligations in that wrongful death case styled *Jasmine Brown-Smith, Personal Representative of Eric D. Smith, Deceased, and Ann J. Herrera, Administrator of the Estate of Eric D. Smith, Deceased v. Millennia Housing Management, LLC,  Millennia Housing Management, LTD., GMF-Forest Cove, LLC, Ergonomic Security Corporation, Jordan Weatherby and John Does 3-5,* State Court of DeKalb County, State of Georgia, Civil Action File No. 19-A-75111 (the "Lawsuit"). Alternatively, Allied World seeks a declaration that the Policy is void due to a violation of its notice provisions and various endorsements and exclusions thereby relieving Allied World of any indemnity and defense obligations in the Lawsuit.

LEGAL\53495018\1

## PARTIES

1.

Allied World is an Arkansas corporation with its principal place of business in Arkansas.

2.

Ergonomic is a Georgia corporation with its principal place of business in Georgia. Ergonomic may be served by delivering the Summons and Complaint to its registered agent for service, Christopher Bridges, 4054 Union Church Road, Stockbridge, Georgia, 30281.  Ergonomic is subject to the jurisdiction and venue of this Court.

3.

Jasmine Brown Smith is a citizen of the State of Georgia. Her citizenship as of the filing of this Complaint is considered for purposes of diversity jurisdiction with respect to this action against her as Eric S. Smith's Personal Representative. *D.R. Ex Rel Igles v. Grant,* 770 F. Supp. 2d 1337,1343 (M.D. Ga., 2011). Ms. Smith may be served by delivering the Summons and Complaint to her counsel, Gilbert Deitch 1189 S. Ponce de Leon Ave., N.E Atlanta, Georgia, 30306. Ms. Smith is subject to the jurisdiction and venue of this court.

LEGAL\53495018\1

4.

At the time of his death, Eric S. Smith was a citizen of the State of Georgia. Mr. Smith's citizenship at the time of death is considered for purposes of diversity jurisdiction with respect to this action against Ann J. Herrera as the Administrator of the Eric S. Smith Estate. *D.R. Ex Rel Igles v. Grant,* 770 F. Supp. 2d 1337, 1343 (M.D. Ga., 2011).  Ms. Herrera may be served by delivering the Summons and Complaint to her counsel, Gilbert Deitch 1189 S. Ponce de Leon Ave., N.E Atlanta, Georgia, 30306. Ms. Herrera is subject to the jurisdiction and venue of this court.

5.

Millennia Housing Management, LLC is an Ohio limited liability company with a principal place of business in Ohio.  Its citizenship for diversity purposes is determined by the citizenship of all of its members. *Endurance American Specialty Insurance Company v. Morris Hardwick Schneider, LLC.* No. 1:16-CV-01375-ELR, 2018 WL 8949294 at * 1, (N.D. Ga., August 24, 2018).  Millennia Housing Management, LLC's members are Frank T. Sinito and Malisse Sinito, both Ohio citizens.  Millennia Housing Management, LLC, may be served by delivering the Summons and Complaint upon its registered agent for service, CT Corporation, 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805.

4

Millennia Housing Management, LLC is subject to the jurisdiction and venue of this Court.

6.

Millennia Housing Management, LTD is an Ohio limited liability company with a principal place of business in Ohio.  Its citizenship for diversity purposes is determined by the citizenship of all of its members. *Endurance American Specialty Insurance Company v. Morris Hardwick Schneider, LLC.* No. 1:16-CV-01375-ELR, 2018 WL 8949294 at * 1, (N.D. Ga., August 24, 2018).  Millennia Housing Management, LTD's members are Frank T. Sinito and Malisse Sinito, both Ohio citizens. Millennia Housing Management, LTD may be served by delivering the Summons and Complaint upon its registered agent for service, CT Corporation, 289 South Culver Street, Lawrenceville, Gwinnett County, Georgia 30046-4805. Millennia Housing Management, LTD is subject to the jurisdiction and venue of this Court.

7.

GMF-Forest Cove, LLC is a Tennessee limited liability company with a principal place of business in Tennessee.  Its citizenship for diversity purposes is determined by the citizenship of all of its members. *Endurance American Specialty Insurance Company v. Morris Hardwick Schneider, LLC.* No. 1:16-CV-01375-

LEGAL\53495018\1

ELR, 2018 WL 8949294 at * 1, (N.D. Ga., August 24, 2018).  GMF-Forest Cove, LLC's members are Cindy Smith, Richard Hamlett, Natalie Metcalf, Thomas Stovall, and Ralph Roberts, all of which are Tennessee citizens.  GMF-Forest Cove may be served by delivering a copy of the Summons and Complaint to its registered agent for service, C. David Lumsden, 3400 Peachtree Rd., NE, Suite 1515, Atlanta, Fulton County, Georgia 30326. GMF-Forest Cove, LLC is subject to the jurisdiction and venue of this Court.

8.

Jordan Weatherby is a Georgia citizen and subject to the jurisdiction and venue of this Court.  Mr. Weatherby can be served by delivering the Summons and Complaint to him at the Fulton County Jail, located at 901 Rice Street NW, Atlanta, Fulton County, Georgia.  Mr. Weatherby is subject to the jurisdiction and venue of this Court.

9.

Defendants John Does 3-5 are fictitious persons whose citizenship is unknown.  Their citizenship is disregarded for purposes of diversity jurisdiction. *Kevin Goolsby v. Farmers Insurance, et al,* No. 1:20-cv-4240, 2021 WL 2661547 at *3, (ND.Ga., June 29, 2021).

## <u>JURISDICTION AND VENUE</u>

10.

This action seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 with respect to the rescission of and coverage under a Commercial General Liability policy.

11.

Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as Allied World is a citizen of Arkansas and the Defendants are citizens of Georgia, Ohio, and Tennessee. Thus, there is a complete diversity of citizenship between the parties.

12.

Further, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  "When an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of *potential* liability under its policy." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x. 861, 864–65 (11th Cir. 2016). The Policy at issue here has a $1,000,000 per occurrence limit which is Allied World's potential exposure.

7

13.

Pursuant to 28 U.S.C. §§ 90(a)(2) & 1391, venue is proper in this Court as one defendant resides in Fulton County, Georgia, which is in this judicial district and division.

## FACTS

14.

Ergonomic provides security services to both businesses and residential settings through security guards and police officers. Per its website, "guard services are provided to all industries. We provide security for long-term, short-term and special events." "Apartment Complexes" is listed as one type of facility Ergonomic services.

15.

On August 1, 2017, Ergonomic completed an Insurance Application for Security & Investigation Firms (the "2017 Application") seeking, among other things, General Liability Insurance. (See Exhibit "A").

16.

Section 15 of the Application asked Ergonomic to state its annual guard services payroll for several types of concerns.  Among them were "Residential Low Income" and "Residential High-Middle Income" properties.

17.

Ergonomic indicated payroll dedicated to "Residential High-Middle Income" properties, but none dedicated to "Residential Low Income" properties. This led United World to believe Ergonomic did not provide security services to residential low income properties.

18.

Ergonomic's representation in this regard was consistent with an application it signed in August, 2015, (the "2015 Application") indicating payroll dedicated to "Apartments-Mid-High Income," and none for "Apartments-Low Income," as well as an application signed in June, 2016 (the "2016 Application"), indicating payroll for "Residential High-Middle Income," but none for "Apartments-Low Income." This too led Allied World to believe Ergonomic did not provide security services for low income residential facilities.

19.

The 2017 Application was signed by Ergonomic's Chief Operating Officer. The Application states, "By signing this application, the signor warrants that to their best knowledge all information is true and accurate."

20.

Relying upon Ergonomic's representations in the 2017 Application, which were consistent with its representations in the 2016 & 2017 Applications,

9

Ergonomic issued the Policy for policy year August 30, 2017 to August 30, 2018. (See Exhibit "B").

21.

On December 12, 2017, Ergonomic entered into a Vendor Agreement with Millennia Housing Management, LLC, and GMF-Forest Cove, LLC in which Ergonomic agreed to list them as Additional Insureds under the Policy. Ergonomic also agreed to indemnify these entities for losses, etc., arising from Ergonomic's "performance of Services under [the Vendor Agreement] or [Ergonomic's] other activities or presence on the Property." Millennia Housing Management, LLC, and GMF-Forest Cove, LLC contend they are Additional .Insureds under the Policy, as well as Ergonomic indemnitees.

22.

Pertinent here, the Policy states:

**SECTION 1 - COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend

10

the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

(1)    The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)    Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

* * * *

## ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - SCHEDULED PERSON OR ORGANIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| **The owner of the property on which the work is performed, Broder & Sachse Real Estate Services, Inc., and each of their respective related entities, owners, principals, corporate parent, subsidiaries, directors, agents, representatives and employees**<br>**260 E. Brown Street, Suite 280**<br>**Birmingham MI 48009** | **Various Georgia locations** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

11

## SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s): | Location(s) Of Covered Operations |
|---|---|
| Blanket Basis — Any entity that the named insured through written contract or agreement agrees to include as an additional insured.<br><br>Item 4.b. of Section IV — commercial liability conditions is amended by the addition of the following: (3) this insurance is primary and /or non contributory to any coverage afforded to the "additional insured" if a written contract or agreement states the named insured agrees to name a person or entity as an additional insured. | |

Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

**A.** **Section2 — Who is an Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or
2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

\* \* \* \*

## ENDORSEMENT - EXPECTED OR INTENDED INJURY / ASSAULT AND BATTERY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This Endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. SECTION I —** Coverages — Coverage A — Bodily Injury and Property Damage Liability — Item 2., Exclusions, Paragraph a., Expected and Intended Injury is entirely deleted and replaced with the following:

**a. Expected or Intended Injury** —"Bodily injury" or "property damage" arising from the pre-meditated expectation or intent from the standpoint of the insured. This exclusion does not apply to:

12

(1) "Bodily injury" or "property damage" resulting from the use of physical force to protect persons or property; or

(2) "Bodily injury" or "property damage" resulting from acts and alleged acts of assault and/or battery committed by an "employee" of yours. This subparagraph applies only to your liability as employer of the "employee."

* * * *

## EXCLUSION - DESIGNATED PROFESSIONAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

**Description Of Professional Services:**

**Any Security Guard services, Building Maintenance services or related services at public housing owned, operated or managed by a Housing Authority.**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

With respect to any professional services shown in the Schedule, **SECTION I — COVERAGES, COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **SECTION 1 — COVERAGES, COVERAGE B — PERSONAL ADVERTISING INJURY LIABILITY, 2. Exclusions** and any **Errors and Omissions Coverage Endorsement** attached to this policy is amended to include the following:

**Designated Professional Services**

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" or "wrongful acts, errors or omissions" due to the rendering of or failure to render any professional service as defined herein.

Notwithstanding anything to the contrary herein this exclusion shall not apply to public housing locations listed below:

13

## SECTION IV-COMMERCIAL GENERAL LIABILITY CONDITIONS

2. **Duties in the event of Occurrence, Offense, Claim or Suit**

   **a.** You must see to it that we are notified as soon as practicable of an "Occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      **(1)** How, when and where the "occurrence" or offense took place;

      **(2)** The names and addresses of any injured persons and witnesses; and

      **(3)** The nature and location of any injury or damage arising out of the "occurrence or offense.

   **b.** If a claim is made or "suit" is brought against any insured, you must:

      **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

      **(2)** Notify us as soon as practicable.

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

2. If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit", we will defend that indemnitee if all of the following conditions are met:

   a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";

   b. This insurance applies to such liability assumed by the insured;

   c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";

   d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;

   e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we

can assign the same counsel to defend the insured and the indemnitee; and

f.   The indemnitee:

(1)   Agrees in writing to:

(a)   Cooperate with us in the investigation, settlement or defense of the "suit";

(b)   Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "suit";

(c)   Notify any other insurer whose coverage is available to the indemnitee; and

(d)   Cooperate with us with respect to coordinating other applicable insurance available to the indemnitee; and

### 23.

On June 13, 2018, Eric C. Smith was purportedly shot and killed by Jordan Weatherby at the Forest Cove Apartments located at 900 Newtown Circle, Atlanta, Georgia.

### 24.

As a result, the Lawsuit was filed on June 12, 2019, naming Millennia Housing Management, LLC, GMF-Forest Cove, LLC, Jordan Weatherby, and John Does 1-5 as defendants. The Lawsuit was amended in May, 2021, adding Millennia Housing, LTD. and Ergonomic as defendants (See Exhibit "C").

### 25.

The Lawsuit alleges that prior to June 13, 2018, there had been "numerous reports of criminal activity at the Premises" about which Millennia Housing

Management, LLC, Millennia Housing Management, LTD., GMF-Forest Cove, LLC and Ergonomic were aware and that all of these defendants failed to keep the subject premises safe in breach of their duty of care under Georgia law.

26.

Allied World was not notified of the June 13, 2018, shooting or of the June 12, 2019, Lawsuit until January 2021, some 2½ years after the former and 1½ years after the latter.

27.

In investigating the claim asserted against Ergonomic, Allied World discovered that Ergonomic did provide security services to low income residential properties which was not reported on the 2015-2017 Applications.

**COUNT I**
**DECLARATORY JUDGMENT-RESCISSION**

28.

Allied World incorporates paragraphs 1 through 27 of its Complaint by reference as if fully stated herein.

29.

An actual controversy exists between the parties as to whether the Policy is valid in light of Ergonomic's failure to disclose that it performed security services to low income residential properties. This representation was material to Allied

16

World's decision to insure Ergonomic. The Policy is therefore void *ab initio* pursuant to O.C.G.A § 33-24-7 because Ergonomic made material misrepresentations on its insurance application.

30.

A declaration as to whether the Policy is void *ab initio* or otherwise subject to rescission will completely resolve the controversy among the parties.

31.

Because Ergonomic made material misrepresentations on its application, Allied World is entitled to a judicial declaration stating the Policy is void *ab initio*.

## COUNT II

## DECLARATORY JUDGMENT-LATE NOTICE

32.

Allied World incorporates paragraphs 1 through 31 of its Complaint by reference as if fully stated herein.

33.

Providing notice of Eric Smith's shooting as soon as practicable to Allied World was a condition precedent to coverage under the Policy.

34.

Ergonomic did not receive timely notice with respect to either the shooting or the filing of the Lawsuit.

35.

Allied World is entitled to a declaration that the Policy is void due to violations of its notice provisions thereby relieving Allied World of any defense obligations in the Lawsuit.

## COUNT III

## DECLARATORY JUDGMENT-ADDITIONAL INSURED

36.

Allied World incorporates paragraphs 1 through 35 of its Complaint by reference as if fully stated herein.

37.

The Policy's Additional Insured-Owners, Lessees or Contractors-Scheduled Person or Organization Endorsement (the "AI Endorsement") provides Additional Insured status to any entity that the named insured, Ergonomic, agreed to include as an additional insured through written contract or agreement.

38.

Allied World is entitled to a declaration that any liability arising from Millennia Housing Management, LLC's, and GMF-Forest Cove, LLC's independent acts or omissions, as is alleged in the Lawsuit, is not covered so that Allied World has no obligation to defend them in the Lawsuit.

## COUNT IV

## <u>DECLARATORY JUDGMENT-EXPECTED OR INTENDED INJURY</u>

39.

Allied World incorporates paragraphs 1 through 38 of its Complaint by reference as if fully stated herein.

40.

The Policy contains an Expected or Intended Injury / Assault and Battery endorsement precluding coverage for bodily injury arising from the "pre-meditated expectation or intent from the stand point of the insured."

41.

The Lawsuit alleges Ergonomic, Millennia Housing Management, LLC, Millennia Housing Management, LTD., and GMF-Forest Cove, LLC, were aware of numerous reports of "criminal activity at the Premises, including gang activity, armed robbery aggravated assault, assault, battery, and loitering," such that these Defendants acted willfully and wantonly resulting in the shooting of Eric S. Smith.

42.

Allied World is entitled to a declaration that such pre-meditated expectation precludes coverage under the Expected or Intended Injury Endorsement thereby relieving Allied World of any defense obligation in the Lawsuit.

LEGAL\53495018\1

## COUNT V

## <u>DECLARATORY JUDGMENT-DESIGNATED PROFESSIONAL SERVICES</u>

43.

Allied World incorporates paragraphs 1 through 42 of its Complaint by reference as if fully stated herein.

44.

The Policy contains an exclusion precluding coverage arising from the rendering or failure to render security guard or related services at public housing owned, operated or managed by a Housing Authority.

45.

The Lawsuit alleges Ergonomic provided security services at the location where Eric S. Smith was shot and that it, Millennia Housing Management, LLC, Millennia Housing Management, LTD., and GMF-Forest Cove, LLC, failed to keep the Premises safe.

46.

Allied World is entitled to a declaration that these Defendants' rendering or failure to render adequate security services at the location where Eric S. Smith was shot precludes coverage under the Designated Professional Services Exclusion thereby relieving Allied World of any defense obligation in the Lawsuit.

## **RELIEF REQUESTED**

Wherefore, Allied World respectfully requests an Order including or directing the following relief:

(a)     a declaratory judgment holding that the Policy is void *ab initio* as a result of Ergonomic's material misrepresentations;

(b)     a declaratory judgment holding there is no coverage under the Policy due to a violation of its notice provisions thereby relieving Allied World of any defense obligation under the Policy;

(c)     a declaratory judgment holding there is no coverage under the Policy per the above referenced Endorsements and Exclusions thereby relieving Allied World of any defense obligation under the Policy;

(d)     an award of  Allied World's attorney fees and costs incurred in this action; and

(e)     such other such relief the Court deems proper, just and equitable.

Respectfully submitted this 30th day of July, 2021.

> *s/ Kenan G. Loomis*
> Kenan G. Loomis
> Georgia Bar No. 457865
> COZEN O'CONNOR
> 1230 Peachtree Street, NE
> The Promenade, Suite 400
> Atlanta, GA 30309
> Telephone: 404-572-2028

Facsimile:  866-591-9127
E-mail:  kloomis@cozen.com

*Attorney for Ergonomic Security*
*Corporation*

**CERTIFICATION**:   The above-signed counsel hereby certifies that this document was prepared in Times New Roman 14-point font and a 1.5 inch top margin in accordance with LR 5.1B, N.D.Ga.