IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-CV-03080-JPB |
| ERGONOMIC SECURITY CORPORATION; JASMINE BROWN SMITH, Personal Representative of ERIC S. SMITH, Deceased; ANN J. HERRERA, Administrator of the Estate of ERIC S. SMITH, Deceased; MILLENNIA HOUSING MANAGEMENT, LLC; MELLENNIAHOUSING MANAGEMENT, LTD.; GMFOREST COVE, LLC; and JORDAN WEATHERBY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**CINCINNATI SPECIALTY UNDERWRITERS INSURANCE CORPORATION'S MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Movant, CINCINNATI SPECIALTY UNDERWRITERS INSURANCE CORPORATION, ("CINCINNATI"), through its undersigned counsel, and, pursuant to the Rule 24 of the Federal Rules of Civil Procedure, respectfully moves to intervene in this action for the purpose of opposing attempts

by Allied World Surplus Lines Insurance Company's ("Allied World") to seek a declaration that is has no coverage under a policy of insurance issued to Ergonomic Security Corporation ("Ergonomic"), a defendant in this declaratory judgment action filed by Allied World.  In seeking to intervene, Cincinnati states as follows:

1.  In this lawsuit, Plaintiff Allied World seeks a declaration from this court that there is no coverage under its policy issued to Ergonomic Security Corporation. Allied World contends that it does not owe monies for indemnity, and perhaps defense, for any claims made against Ergonomic. Allied World seeks a declaration that any coverage rendered under its policy is void ab initio, or in the alternative, does not cover damages claimed by the plaintiff in the underlying liability suit because of wrongful death of the plaintiff therein.  The Allied World complaint contains additional counts seeking declaratory judgment set forth in its complaint, including  counts seeking rescission of the insurance contract, that there is no coverage due to late notice both of the initial claim and the underlying lawsuit, that there is no coverage under the policy provisions relating to "additional insureds," that there is no coverage under provisions of the policy related to "expected or intended injury," and no coverage for "professional services," as the type of services, it is alleged, were not properly designated on the policy application

2. CINCINNATI issued a Commercial Liability policy CSU0092827 to Millennia Housing Management LTD, covering the period of time from 12/28/2017 to 12/28/2018. A copy of CINCINNATI'S policy is attached hereto as Exhibit 1.

3. The subject policy provides coverage, in relevant part, for Millennia's liability for damages because of "bodily injury" and "property damage" caused by an "occurrence."

4. CINCINNATI has agreed to defend Millennia in the underlying liability case, action, which defense is being afforded subject to a complete reservation of rights.

5. It is CINCINNATI'S position that most and, possibly all, of the damages, which are claimed against Ergonomic and Millenia Housing Management are not covered under CINCINNATI'S policy.

6. It is the position of CINCINNATI that the only damages for which CINCINNATI'S policy affords coverage are damages resulting from any alleged negligence of Millennia.

7. Additionally, based upon the allegations set forth in the underlying liability lawsuit, it is likely that, at most, only some portion of Plaintiff's claimed damages will be covered under CINCINNATI'S policy. In the event that Plaintiff obtains an award of damages in its favor, a determination will have to be made as to what portion of such award, if any, is covered under CINCINNATI'S policy and what portion is not covered. CINCINNATI seeks to intervene in this action for the limited

purpose of determining coverage and, if coverage is found, seeking allocation of any damages, which may be awarded against Plaintiff.

8. The requested coverage determination and allocation of damages will serve the interests not only of CINCINNATI but also its insured, Millennia. The proposed allocation of damages will also serve the interests of judicial economy overall. In the absence of allocation made in this lawsuit, the parties will be required to litigate the question of coverage and allocation from scratch in an entirely new lawsuit.

## MEMORANDUM OF LAW

### I.   The Movant Has Article III Standing To Intervene In The Action

An intervenor who wishes to seek relief not requested by a plaintiff must meet the requirements of Article III Standing. *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1648 (2017). To establish Article III standing a plaintiff must show: (1) an injury in fact; (2) fair traceability to the challenged conduct of the defendant; and (3) redressability by a favorable decision. *Town of Chester, N.Y.*, 137 S.Ct. at 1648. (citing *Spokeo, Inc v. Robins*, 578 U.S. ----, ----, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635. The principle applies to intervenors as of right where the movant seeks additional relief beyond that requested by the plaintiff. *Town of Chester, N.Y.*, 137 S.Ct. at 1647-48.

### a. Injury In Fact

To establish and injury in fact, a plaintiff must show…'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Incorporated v. Robins*, 136 S.Ct. 1540, 1548 (2016) (citing *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130). A particularized injury "must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S.Ct at 1548 (citing *Cuno*, 126 S.Ct. at 1854). A concrete injury is an injury that actually exists. See *Spokeo*, 136 S.Ct at 1548. Imminent injuries require a threat of harm or likelihood of harm. See *Atlanta Gas Light Company c. Aetna Casualty and Insurance Company*, 68 F.3d 409, 414 (11th Cir. 1995).

### b. Causation

The injury suffered must be fairly traceable to the defendant. See *Spokeo*, 136 S.Ct at 1548. "The 'causal connection' must 'link the injury to the complained-of conduct' of the defendant and is not satisfied if the injury results from" a third party. See *Strickland v. Alexander*, 772 F.3d 876, 885 (11th Cir. 2014) (citing *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257 (11th Cir. 2012).

### c. Redressability

Redressability requires a likelihood that the plaintiff's injuries would be redressed by a favorable court decision. See *Strickland v. Alexander*, 772 F.3d 876, 886 (11th Cir. 2014).

## II.   **Intervention As Of Right**

Parties seeking to intervene in an action as of right under Fed.R.Civ.P. 24(a)(2) must make a showing of four elements: (1) the motion on application to intervene was timely; (2) the movant must have an interest in the property or transaction at issue; (3) adjudication without the movant would likely impede or impair the movant ability to protect that interest; and (4) the interest must not be adequately represented by existing parties to the action the movant seeks to intervene. See Fed. R.Civ.P. 24(a); *Calloway v. Westinghouse Electric Corporation*, 115 F.R.D. 73, 74 (M.D.Ga. 1987); *Federal Sav. And Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993); *Briggs & Stratton Corp. v. Concrete Sales & Services, Inc.*, 166 F.R.D. 43, 45 (M.D.Ga. 1996); *CSX Transportation, Inc. v. Georgia Public Service Com'n*, 944 F.Supp 1573, 1577-78 (N.D.Ga. 1996); *Ace American Insuracne Company v. Paradise Divers, Incorporated*, 216 F.R.D. 537, 538 (S.D.Fla. 2003); *Martin v. Crittenden*, 347 F.Supp.3d 1302, 1306-07 (N.D.Ga. 2018).

### a. **Movant's Motion was Timely**

In determining whether a movant's application for intervention was timely, courts

must consider four factors:

> (i) the length of time during which the [movant] knew or
> reasonably should have known of his interest in the case
> before he petitioned for leave to intervene; (ii) the extent
> of prejudice to the existing parties as a result of the
> [movant] failure to apply as soon as he knew or reasonably
> should have known of his interest; (iii) the extent of
> prejudice to the [movant] if his petition is denied; and (iv)
> the existence of unusual circumstances militating . . . for
> or against a determination that the application is timely.

See *Stallworth v. Monsanto Company*, 558 F.2d 257 (5th Cir. 1977); *Martin*, 347

F.Supp.3d at 1307. Timeliness must be viewed in the "liberal atmosphere of the

Rules of Civil Procedure, which are to be construed 'to secure the just, speedy, and

inexpensive determination of every action.'" *McDonald v. E.J. Lavino Co.*, 430 F.2d

1065, 1074 (11th Cir. 1970)(citing Rule 1, Fed.R.Civ.P.). A "district court should

apply a more lenient standard of timeliness if the [movant] qualifies for intervention

under section (a) than if he qualifies for intervention under section (b). *Stallworth*,

558 F.2d at 266 (11th Cir. 1977). The determination of timeliness is within the sole

discretion of the court. *Id* at 1071.

### i.  The Movant Motioned Shortly After Knowing Of His Interest

The date a movant learned of his interest in the action is indicative of whether

the movant acted promptly, not awareness of a pending action. See *Stallworth*, 558

F.2d at 264 (11th Cir. 1977).

### ii.  The Existing Parties Would Not Be Prejudiced

The only prejudice to be considered is the prejudice that would result from the

movant's failure to intervene as soon as he knew or reasonably should have known

of his interest in the action. See *Stallworth*, 558 F.2d at 265 (11th Cir. 1977). It is

incorrect that any prejudice is relevant under the statute *Id*. An unreasonable amount

of time after a movant knew or should have known of his interest in an action would

be considered prejudicial. See *Reeves v. Wilkes*, 754 F.2d 965, 971 (11th Cir 1985).

### iii.  The Movant Would Be Prejudiced Without Intervention

Where the movant has no identity of interest with a party and thus could not

be bound, or where his interest is identical with the party [there is]  no prejudice

sufficient to give weight to the third factor. See *Reeves*, 754 F.2d at 971 (11th Cir.

1985) (citing *Jefferson County*, 720 F.2d at 1571). Varying degrees of prejudice may

be considered by a court. See *Stallworth*, 558 F.2d at 266 (11th Cir. 1977).

### iv.  Circumstances Militate For Intervention

A movant must have a compelling justification for timeliness. See *Reeves*, 754

F.2d at 972. A movant who fails to intervene promptly after he becomes aware of

his interest for reasons other than lack of knowledge he was unable to intervene sooner could advance justification for tardiness. See *Stallworth*, 558 F.2d at 266 (11th Cir. 1977).

### b. **A Sufficient Interest Exists Warranting Intervention**.

Under Rule 24(a) of the Federal Rules of Civil Procedure state that on timely motion an applicant "claim[ing] an interest" related to the property or transaction subject to the action must be permitted to intervene in an action. See Fed.R.Civ.P. 24(a). An interest is insufficient when the movant holds a contingent, rather than a direct, interest in the related property or transaction. See *Calloway*, 115 F.R.D. at 73. The mere possibility of a future claim is an insufficient interest to meet the requirements of Fed.R.Civ.P. 24(a). See *Acceptance Indemnity Insurance Company v. Southeastern Forge, Inc.*, 209 F.R.D. 697, 700 (M.D.Ga. 2002). An interest must be significant and based on a right that belongs to the movant. See *Calloway*, 115 F.R.D. at 73. "Mere economic interest is insufficient." *Ace Amer. Ins. Co.*, 216 F.R.D. at 539.

The critical factor, for purposes of this rule, is the presence of an "interest" sufficient to warrant the intrusion of the moving party into the lawsuit. See *Federal Savings and Loan Insurance Corporation*, 983 F.2d at 215.

There is abundance of case law in this circuit holding that insurance companies have a right to intervene in actions in which they have an interest in the outcome of the lawsuit.

Cincinnati unquestionably meets all the criteria set forth in *Calloway*. See 115 F.R.D. 73. Cincinnati has a sizeable interest in these proceedings.  As the insurer for Millennia Housing, Cincinnati will be asked to indemnify it for any award, which may be entered in favor of Plaintiff.  If intervention is not permitted, a separate lawsuit will be required to address solely the question on what, if any, portion of the award is covered.

### c.  <u>The Movant's Interests Are Not Protected And May Be Impaired By An Unfavorable Decision.</u>

The Federal Rules of Civil Procedure require adjudication without the movant to not impede or impair the ability of the movant to protect that interest. See Fed.R.Civ.P. 24(a). "A [movant] shows practical harm by demonstrating that disposition of the main case would put the [movant] at a practical disadvantage in protecting his…interest in the case." *CSX Transp., Inc.*, 944 F.Supp at 1577-78.

Under federal law, intervention is proper where the movant's interests are impaired or impeded and the movant's interests are not properly protected in the instant matter through the original parties. See Fed.R.Civ.P 24(a). If the jury in this action were to return a general verdict in favor of Plaintiff and if Millennia Housing is unable to allocate between covered and non-covered damages,

Cincinnati could even be in the position of not be required to provide coverage for *any* portion of the verdict.

### d. **Movant's Interests Are Neither Adequately Served Nor Represented By Existing Parties.**

Under the Federal Rules, a movant's interests must not be adequately represented to successfully intervene in an action. See Fed.R.Civ.P. 24(a). An interest is adequately protected where the existing party on behalf of which the movant wishes to intervene holds a direct interest in protecting the shared interest of the movant. Cf. *Calloway*, 115 F.R.D. at 74. Interests may be similar, but not identical. See *CSX Transp., Inc.*, 944 F.Supp. at 1578. The burden to show inadequate representation is minimal. *Id.*

The pros and cons of seeking an allocated verdict were addressed in *Duke* decided almost fifty years ago:

> The consequences to the insureds of a nonallocated verdict is the catastrophic total loss of coverage. The risks to the insurer in requesting an allocated verdict are of no such magnitude, if of any consequence at all. A request for identification of the two types of damages reveals neither the presence of insurance nor the amount of coverage. Assuming as we must that the jury will follow instructions and make a correct allocation, the insurance company loses no benefit to which it is validly entitled from having the jury earmark the losses. Arguably, the jury might, while complying with instructions, at its option throw damages into that category which it will speculate is insured. This is too tenuous to deserve more than mention. There may, however, be some awkwardness in arguments to the jury, but this is nominal when balanced against the consequences to the insureds.

*Duke v. Hoch*, 469 F.2d 973, 979 (5th Cir. 1972). *Duke's* reasoning was recently reaffirmed by the 11th Circuit in *v. Scrap, Inc.,* 2020 WL 1228648 (11th Cir. 2020).

In *QBE Specialty Ins. Co.*, Scrap was insured under a commercial general liability policy, which was issued by QBE. *QBE Specialty Ins. Co. v. Scrap, Inc.,* 2020 WL 1228648 (11th Cir. 2020). After Scrap was sued, QBE provided a defense under a reservation of rights. Throughout the course of the proceedings, QBE advised Scrap of the availability of and need for special jury instructions and special interrogatory verdict forms.  In addition, QBE attempted on two separate occasions to intervene for the limited purpose of requesting special jury instructions and special interrogatory verdict forms.

Both times, QBE's efforts to intervene were rejected. The case proceeded to trial and resulted in a general verdict against Scrap in the amount of $750,000.  QBE then filed an action for declaratory relief seeking a declaration that it was not liable for any portion of the judgment that was entered against Scrap.  The district court granted summary judgment in favor of QBE and Scrap appealed.

On appeal, the 11th Circuit held that because Scrap was unable to allocate between covered and non-covered damages and because QBE met its obligations under *Duke*, QBE was relieved of having to pay any portion of the judgment:

> QBE had a duty to inform Scrap of the availability and
> advisability of a special verdict, lest the [burden of
> allocation] shift; QBE did so; the [burden of allocation]

> thus did not shift, but remained on Scrap., which is unable
> to meet it.

*Id.*, at 3.

Under Federal law, a movant's interests must be served to rightfully intervene

in an action. See Fed.R.Civ.P 24(a). Where a movant's interests are adequately

represented by a party to the action there is no right to intervene in the action. See

*Id.* Adequate representation is a question of fact for a trial court. See *Calloway*, 115

F.R.D. at 74. Where the interests of the movant are identical to a party in the instant

case the movant's interests are presumed adequately represented absent a showing

of circumstances to the contrary. See *Id.*

### III.   Permissive Intervention

Permissive intervention is appropriate where a movant claim or defense has a

common question of law or fact in the main action. Fed.R.Civ.P. 24 (b); *Martin*, 347

F.Supp.3d at 1307; *Calloway*, 115 F.R.D. at 74. A court may permit intervention

where the motion would neither unduly delay nor prejudice the adjudication of the

original parties' rights. Fed.R.Civ.P. 24 (b)(3)

#### a.   Movant May Have A Common Question Of Law Or Fact

Under the Federal Rules, permissive intervention is proper where a common

question of law and fact exist between the movant and the original parties.

Fed.R.Civ.P. 24 (b).

### b. Intervention Would Neither Delay Nor Prejudice The Rights Of Original Parties

Under the Federal Rules, a court may permit intervention where the motion would neither unduly delay nor prejudice the adjudication of the original parties' rights. Fed.R.Civ.P. 24 (b)(3); *Ace Amer. Ins Co.*, 216 F.R.D. at 539-40.

Under Federal law, a party may not intervene in an action where intervention would cause undue delay in the action or prejudice to the rights of a party to the action. See Fed.R.Civ.P. 24(b). Intervention may be denied where the movant introduces an independent claim against a party to the instant action and is considered prejudicial. See *Mitchell v. McCorstin*, 728 F.2d 1422, 1423 (11th Cir. 1984).-Permitting Cincinnati to intervene in these proceedings will also serve the overarching interests of judicial economy.  Intervention as requested by the movant will allow all parties to resolve factual issues in these proceedings, where these issues are already being addressed, rather than forcing them to litigate these same issues in an entirely separate lawsuit.

Florida law encourages parties to engage in this process in the pending lawsuit rather than litigate allocation issues in a separate lawsuit.  *See Mid-Continent Cas. Co. v. Siena Home Corp.*, 2011 WL 2784200 (M.D. Fla. 2011).  In the *Siena Home* case, the insurer sought a declaration that plaintiff's damages were excluded from coverage under the mold exclusion.  The court denied insurer's motion for summary

judgment ruling that the nature and scope of the alleged damages should be

addressed in the underlying action:

> Finally, Mid–Continent seeks summary judgment to the effect
> that recovery of damages for mold remediation is excluded by an
> express mold exclusion in the second of its two policies… and
> by a pollution exclusion in both policies. It also claims that
> damages due merely to the cost of repairing or removing
> defective work is not covered "property damage" and must be
> distinguished from a claim for the costs of repairing damage to
> the structure caused by defective work which is a claim for
> "property damage." *Citations omitted*.
>
> Each of these contentions would involve a fact intensive
> determination of the nature of the damages being awarded with
> respect to each of the Homeowners' separate properties.
> Summary judgment is therefore inappropriate for two reasons.
> First, there are issues of fact to be resolved; and, second,
> determining Mid–Continent's liability to indemnify—or not to
> indemnify—the Homeowners' claims cannot be accomplished
> until those fact issues have been resolved in the state court
> litigation and judgment has been entered there. *Citations omitted*.
>
> In order to avoid the distinct possibility of multiple trials with
> respect to individual properties, first in the state court and then
> in this Court, ***the parties are encouraged to consider the future
> management of their state court litigation in a manner - subject
> always, of course, to the approval of the presiding Circuit Judge
> - that will secure specific factual findings by the jury (or the
> judge in a bench trial) necessary to a determination of the
> underlying coverage issues that may exist in the particular
> cases. Specifically, this might be achieved by a special
> interrogatory verdict form concerning the date the damages
> became discoverable or "manifest" and/or itemizing and
> quantifying the elements of damages*.  Emphasis added.

Motions similar to the present one, are routinely granted by judges in Florida in recognition of the useful purposes, which these motions seek to accomplish. *See* **Composite Exhibit 2**.

## <u>CONCLUSION</u>

Wherefore, Cincinnati respectfully requests this Court to allow Cincinnati to intervene in these proceedings so that it may determine its coverage obligations and, if necessary, prepare and submit to the court an itemized verdict form as set forth above.

By*: /s/*_____
Jay Michael Barber, Esq.
Georgia Bar No. 036823
Litchfield Cavo, LLP
1300 Parkwood Circle, SE,
 Suite 170
Atlanta, GA  30339
(770) 628-7112
(770) 628-7101 – Fax
barber@litchfieldcavo.com

*Attorneys for Cincinnati Specialty
Underwriters Insurance
Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-CV-03080-JPB |
| ERGONOMIC SECURITY CORPORATION; JASMINE BROWN SMITH, Personal Representative of ERIC S. SMITH, Deceased; ANN J. HERRERA, Administrator of the Estate of ERIC S. SMITH, Deceased; MILLENNIA HOUSING MANAGEMENT, LLC; MELLENNIAHOUSING MANAGEMENT, LTD.; GMFOREST COVE, LLC; and JORDAN WEATHERBY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## LR 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), Northern District of Georgia, specifically Times New Roman 14 point.

By: /s/ _____
Jay Michael Barber, Esq.
Georgia Bar No. 036823

**LITCHFIELD CAVO LLP**
1300 Parkwood Circle, SE,
 Suite 170
Atlanta, GA  30339
(770) 628-7112
(770) 628-7101 – Fax
barber@litchfieldcavo.com

*Attorneys for Cincinnati Specialty*
*Underwriters Insurance*
*Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:21-CV-03080-JPB |
| ERGONOMIC SECURITY CORPORATION; JASMINE BROWN SMITH, Personal Representative of ERIC S. SMITH, Deceased; ANN J. HERRERA, Administrator of the Estate of ERIC S. SMITH, Deceased; MILLENNIA HOUSING MANAGEMENT, LLC; MELLENNIAHOUSING MANAGEMENT, LTD.; GMFOREST COVE, LLC; and JORDAN WEATHERBY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2021, the foregoing **CINCINNATI SPECIALTY UNDERWRITERS INSURANCE CORPORATION'S MOTION TO INTERVENE** was electronically filed with the Clerk of the Court by using the CM/ECF system, which will automatically send

notification of such filing to CM/ECF e-Filing Portal to All Counsel of Record on attached Service List.

By: /s/_____
    Jay Michael Barber, Esq.
    Georgia Bar No. 036823

    **LITCHFIELD CAVO LLP**
    1300 Parkwood Circle, SE
    Suite 170
    Atlanta, GA  30339
    (770) 628-7112
    (770) 628-7101 – Fax
    barber@litchfieldcavo.com

    *Attorney for Cincinnati Specialty*
    *Underwriters Insurance Corporation*

## SERVICE LIST

Kenan G. Loomis
Cozen O'Connor – Atl
Suite 400
1230 Peachtree Street, N.E.
Atlanta, GA  30309
404-572-2028
404-572-2199 (fax)
kloomis@cozen.com

*Attorney for Plaintiff*
*Allied World Surplus Lines Insurance*
*Company*

John Karl Schultz
Gray Rust St. Almand Moffett &
Brieske, LLP
Suite 1700, Salesforce Tower Atlanta
950 East Paces Ferry Rd., N.E.
Atlanta, GA  30326
404-445-9708
jschultz@grsmb.com

*Attorney for GMF-Forest Cover, LLC*

Naveen Ramachandrappa
Bondurant Mixson & Elmore, LLP
1201 West Peachtree Street, N.W.
3900 One Atlantic Center
Atlanta, GA  30309-3417
404-881-4151
ramachandrappa@bmelaw.com

*Attorney for Anne J. Herrera and*
*Jasmine Smith Brown*

David John Forestner
Jones Walker LLP
1360 Peachtree Street
Suite 1030
Atlanta, GA  30339
404-870-7518
dforestner@joneswalker.com

*Attorney for Ergonomic Security*
*Corporation*

William Michael D'Antignac
Gilbert H. Deitch
Deitch & Rogers
1189 S. Ponce de Leon Ave., NE
Atlanta, GA  30306
770-394-9000
michael@victimattorneys.com

*Attorney for Ann J. Herrera*